ESTATE OF EDWARD FORD, DECEASED.

[No. 4234; decided March 20, 1890.]

Account of Administrator—Estoppel to Assert Trust Character of Property.—An administrator who accounts for money as the property of the estate of ,his intestate cannot afterward be heard to say that it was held by another in trust for certain of the heirs, and that he collected it under a power of attorney for them.

Trust in Realty—Whether may Rest in Parol.—An express trust in realty can be created only by a writing containing language appropriate for that purpose.

Louis G. Starke was appointed administrator of the above-named estate on July 1, 1885. On September 10, 1886, his letters were revoked, and E. J. Le Breton was appointed administrator. The account mentioned in the opinion was filed by the former administrator on January 4, 1887, and was settled on February 15, 1887. The power of attorney referred to in the opinion was executed on February 12, 1885, and the application here decided was made by the former administrator on behalf of the heirs represented by him under this power of attorney.

Edward P. Cole, for Louis G. Starke, former administrator, and for heirs represented by him.

Horace G. Platt, for E. J. Le Breton, administrator.

COFFEY, J. This is practically a motion of the late administrator to disclaim what he has done as an administrator, and yet hold, under a power of attorney, what money he has collected by virtue of such administratorship. His final account, as settled by this court, shows that he has collected for this estate the following:

Cash from W. H. Hart.......................$800
Cash from Jno. H. Wise...................... 700
Suit of Starke v. McDevitt................... 350
                                            _____
        Total...................$1,850

This account also shows that this administrator had charged against this fund the expenses of this administration, including a large attorney's fee and his own fees.

On February 1, 1886, over a year before the filing of this account, this court made an order authorizing this administrator to compromise a claim of this estate against the estate of Tully R. Wise, deceased. This order was based upon a petition of this administrator, wherein he made the following statement:

"That petitioner claims the property as belonging to the estate of Edward Ford, or the value thereof; that both said Ford and said Tully R. Wise are dead, and there is no writing existing and made between said Ford and said Wise in reference to said property except the deed of conveyance in fee made July 22, 1880. . . . .

"That the estate of Tully R. Wise is ready and willing to pay your petitioner the sum of $750 in satisfaction of his claim to the said land."

It will be noticed that this deed, dated July 22, 1880, now offered in evidence to support the present theory of this administration, viz., that this property, or its value, does not belong to this estate, was known to this administrator when he was claiming that this property, or its value, did belong to this estate. It was the item of $700, received from John H. Wise, in the final account, that was obtained for this estate by the above-mentioned petition.

If the representatives of the estate of Tully R. Wise claimed this property in trust for Edward Ford's wife and children, it was not necessary to obtain from this court an order allowing them to pay this money over to said administrator, this court had no jurisdiction to make the order, and the receipt of this administrator for said money would have been worthless to these representatives. His receipt as attorney in fact would not go far enough, as he has power of attorney from only a part of the children and none from the wife or son in London.

What proof is there as to the trust? There is no written declaration of trust.

Maurice Casey, formerly a clerk of Tully R. Wise, testifies that Mr. Wise told him that Mr. Ford had told him (Wise) that he wanted to convey to him all his property in trust for his wife and children. He also testified that he drew a

deed and a bill of sale from Ford to Wise, but put in them nothing as to the trust. The bill of sale is not produced. The deed is offered in evidence, but was never put on record.

The only other proof of trust is found in two copies of letters from Tully R. Wise to Edward Ford, son of the deceased, the present executor, in London. This copy of the letter exempts the "McDevitt judgment" and "one lot" from the trust (see letter of July 31, 1881). This lot of land is the only one he really owned (see letter of October 1, 1880).

The final account shows that $350 was obtained from the McDevitt judgment and $700 from the Wise estate for this "one lot," or $1,050 that was not included in this trust.

The rest of the estate is the item of $800 obtained from W. H. Hart. What proof is there that it was included in the trust? The administrator did not so regard it when he collected it nor when he accounted for it.

So much as to the facts.

There could have been no trust created as to the realty, as it was not reduced to writing, nor was it a resulting trust (Civ. Code, 852, 853). The letter of July 31st disclaims any trust as to the judgment.

If there had been any trust as to the money derived from Hart, there should have been a new trustee appointed when Tully R. Wise died (Civ. Code, 2281, 2287). The administrator had no right to it if it was trust property.

There is no proof before the court establishing this trust. The deed proves nothing by itself. When read in connection with the July letter, it means still less. As a legal document it created no trust. The property thereby conveyed either vested in Wise or remained in Ford. If the desire was thereby to create a trust only, it was a failure. The money by Wise's estate was therefore paid to Ford's estate, to which it belonged.

The Hart and McDevitt items have been sufficiently discussed. The application for an order that this administrator pay over to certain heirs the money collected from this estate and accounted for as belonging to this estate is denied.